Cobb v. Warden, NHSP                    CV-03-017-M    02/14/03

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


David Cobb,
        Petitioner

        v.                                    Civil No. 03-017-M
                                              Opinion No. 2003 DNH 024
Jane Coplan, Warden
New Hampshire State Prison,
        Respondent


                            **O R D E R**


        David Cobb, a state prisoner, seeks habeas corpus relief

from his state court convictions for attempted felonious sexual

assault, exhibiting or displaying child pornography, and

possession of child pornography.  See 28 U.S.C. § 2254.

Specifically, he claims he was denied effective assistance of

trial counsel and that his state convictions were obtained in

violation of his First Amendment rights.


        Cobb's petition is before the court for preliminary review,

pursuant to Rule 4 of the Rules Governing § 2254 Proceedings.

Because the petition is not drafted with sufficient clarity to

permit a confident determination that Cobb has exhausted the

remedies available to him in state court, as required by

§ 2254(b)(1), he shall be granted leave to amend his petition to demonstrate exhaustion.

## Discussion

In May of 1996, Cobb was convicted of one count of attempted felonious sexual assault, fifty-three counts of displaying child pornography, and two hundred and sixty-seven counts of possessing child pornography. He was sentenced to serve eight to fifteen years in the New Hampshire State Prison. Although his petition is silent on this point, the court has assumed, for purposes of preliminary review, that Cobb is still incarcerated pursuant to that sentence.

Following trial, Cobb appealed his convictions to the New Hampshire Supreme Court, raising twelve distinct issues for the court's review. After addressing and rejecting each of Cobb's assertions of error, the court affirmed his convictions. State v. Cobb, 143 N.H. 638 (1999). Subsequently, Cobb filed a state habeas corpus petition in which he raised two grounds for post-conviction relief that had not been presented in his direct appeal: ineffective assistance of trial counsel and violation of

2

his First Amendment Rights - the claims he now seeks to pursue in this forum.  According to Cobb, the New Hampshire Superior Court (Strafford County) denied his habeas petition in August of 2002.  Importantly, however, nothing in Cobb's pending federal petition suggests that he complied with the exhaustion requirements of § 2254 by appealing the denial of his state habeas petition to the New Hampshire Supreme Court.  See generally Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002) (explaining that, typically, "a habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court.").  Nor has he demonstrated that he is excused from satisfying those exhaustion requirements.  See, e.g., 28 U.S.C. § 2254(b)(1)(B).[1]

---

[1]    Parenthetically, the court notes that in the memorandum of law accompanying his habeas petition, Cobb acknowledges that his claims concerning ineffective assistance of counsel and violations of his First Amendment rights were not raised on direct appeal to the New Hampshire Supreme Court.  He then attempts to demonstrate "cause and prejudice" for that failure. He does not, however, explain why those issues were not presented to the state's highest court by means of an appeal of his state habeas petition.

3

## Conclusion

It is unclear whether the grounds for habeas relief presented in Cobb's petition have been fairly presented to the New Hampshire Supreme Court for consideration. Accordingly, on or before **March 14, 2003,** petitioner shall file an amended petition, demonstrating either: (1) that he has exhausted his state remedies with respect to each of the claims presented in his petition; or (2) that he is excused from the exhaustion requirement. Should Cobb fail to adequately amend his petition, it will be dismissed, without prejudice. See 28 U.S.C. § 2254(b). See also Slack v. McDaniel, 529 U.S. 473, 486-87 (2000).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 14, 2003

cc:  Paul J. Haley, Esq.
     NH Attorney General

4